UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Case No. _____

**COGENT COMMUNICATIONS, LLC,**

       **Plaintiff,**

vs.

**KILLEBREW, INC.**

       **Defendant.**

## COMPLAINT

COMES NOW Plaintiff Cogent Communications, LLC ("Plaintiff" or "Cogent"), and for its Complaint against Defendant Killebrew, Inc. ("Defendant" or "Killebrew"), alleges and states as follows:

## JURISDICTION AND VENUE

1. Cogent is a single-member limited liability company wholly owned by Cogent Communications Group, LLC. Cogent Communications Group, LLC is a single-member limited liability company wholly owned by Cogent Communications Holdings, Inc. Cogent Communications Holdings, Inc. is a Delaware corporation with its principal place of business in the District of Columbia.

2. Killebrew is a Florida corporation with its principal place of business in Florida.

3. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because diversity of citizenship exists and the matter in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

4. This Court has personal jurisdiction over Defendant because Defendant conducts business in this judicial district and a substantial part of the events or omissions giving rise to this

action occurred in Polk County, Florida. Venue is therefore proper in this Court and District pursuant to 28 U.S.C. §§ 89(c), 1391(a), (b)(2), and (c)(2).

## BACKGROUND INFORMATION

5.     At the time of the incidents which are the subject matter of this action, the property at issue was owned by Sprint Communications Company Limited Partnership ("Sprint").

6.     On or about May 1, 2023, Cogent acquired the U.S. long-haul fiber optic network of Sprint and the related business.  Cogent is therefore the successor-in-interest to Sprint.

7.     Plaintiff is a facilities-based provider of low-cost, high-speed Internet access, private network services, optical wavelength and optical transport services and data center colocation space and power.that, among other things, owns a network of fiber optic cables, some of which are buried underground.

8.     In accordance with §§ 556.101, Fla. Stat. (2017), *et seq.*, Plaintiff is, and was at the time of the incidents which are the subject matter of this action, a member of Sunshine State One-Call of Florida, Inc. ("Sunshine State"), the notification center formed pursuant to §§ 556-103, 556-104, Fla. Stat. (2017) to receive notices from excavators planning to excavate within the State of Florida and transmit those notices to the operators of underground facilities within the proposed excavation area described in the excavator's notice to Sunshine State.

9.     By state statute and agreement with and/or permission from the State of Florida, Polk County and/or the City of Winter Haven, Mulberry, and Bartow, or by interest in a certain easement, Plaintiff possesses the rights to install, operate, and maintain telecommunications cables in the cities of Winter Haven, Mulberry and Bartow, Polk County (the "Easement"). By virtue of the Easement, Plaintiff is entitled to undisturbed possession of those rights.

10. In accordance with its rights under the law and the Easement, Plaintiff installed and operates telecommunications cables and affiliated telecommunications equipment (the "Facilities") within the Easement.

11. On at least four (4) occasions between February 2, 2022, and October 4, 2022, Killebrew damaged Plaintiff's Facilities (collectively, the "Incidents"). Specifically, Killebrew damaged Plaintiff's Facilities:

   a. On or about February 2, 2022, at or near Lake Wales CR 653 Winter Haven, Polk County, Florida;

   b. On or about May 3, 2022, at or near CR 653 / Lake Wales Rd. Winter Haven, Polk County, Florida; and

   c. On or about August 16, 2022, at or near Willow Oak Partial (3390 Willow Oak Road) Mulberry, Polk County, Florida.

   d. On or about October 4, 2022, at or near Intersection of 653 & Old Lake Wales Rd Bartow, Polk County, Florida.

12. Prior to each of the Incidents, Plaintiff's Facilities had been located and marked in accordance with Florida law and/or Killebrew, knew or should have known of the existence and approximate location of the Facilities within the Easement where Killebrew were performing work at the time of the Incidents.

**FIRST CLAIM FOR RELIEF**
(Trespass – Lake Wales CR 653, Winter Haven, FL)

13. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1-12 above.

14. In accordance with its rights under the law and the Easement, Plaintiff installed and operates Facilities at or near Lake Wales CR 653, in or near Winter Haven, Polk County, Florida.

15. Upon information and belief, Killebrew was aware of the presence and approximate location of Plaintiff's Facilities at or near Lake Wales CR 653, in or near Winter Haven, Polk County, Florida. prior to February 2, 2022.

16. On or about February 2, 2022, Killebrew was without Plaintiff's knowledge or consent, against Plaintiff's will and in violation of Florida law, federal OSHA regulations and reasonable and accepted industry standards and practices, excavating with mechanized equipment at or near Lake Wales CR 653, in or near Winter Haven, Polk County, Florida, where Plaintiff's Facilities were located.

17. On or about February 2, 2022, without Plaintiff's knowledge or consent, and against Plaintiff's will, Killebrew, damaged Plaintiff's Facilities while excavating with mechanized equipment as described in Paragraph 16 above.

18. As a result of the trespass of Killebrew, Plaintiff sustained disturbance to its rights of use or servitude, and damage to and the loss of the use of its Facilities at or near Lake Wales CR 653, in or near Winter Haven, Polk County, Florida which have resulted in actual damages to Plaintiff including the direct and indirect costs to repair those Facilities.

19. The actions of Killebrew were intentional, grossly negligent and/or reckless, and exhibited a willful and wanton disregard of Plaintiff's rights and a conscious indifference to the consequences.

**SECOND CLAIM FOR RELIEF**
(**Negligence - Lake Wales CR 653, Winter Haven, FL**)

20. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1-19 above as if fully set forth at length herein.

21. Upon information and belief, Killebrew acted negligently in excavating with mechanized equipment as described in Paragraph 16 above. This negligent conduct included, but is not limited to the following:

   a. Failing to excavate in a careful and prudent manner based on accepted engineering and construction practices as required by §§ 556.101, Fla. Stat. (2017), *et seq.*;

   b. Failing to take adequate measures to ensure the Facilities would not be damaged during the work described in Paragraph 16 above;

   c. Failing to plan its work to minimize damage to, or interference with, the Facilities during the work described in Paragraph 16 above;

   d. Failing to determine the exact location of Plaintiff's Facilities prior to commencing the work described in Paragraph 16 above;

   e. Failing to protect and preserve the markings indicating the presence and approximate location of Plaintiff's Facilities during the work described in Paragraph 16 above;

   f. Failing to train employees involved with the excavation with respect to the applicable statutes, regulations and industry standards regarding excavation in the area of underground utilities, including, but not limited to, the provisions of §§ 556.105, Fla. Stat. (2017), *et seq.*;

   g. Failing to adequately supervise employees and ensure they complied with all applicable statutes, regulations and industry standards regarding excavation in the area of underground utilities, including, but not limited to, the provisions of §§ 556.105, Fla. Stat. (2017), *et seq.*; and

   h. Failing to adhere to all applicable federal and state statutes and regulations and all applicable industry standards and guidelines as they relate to the protection of underground utilities.

22. As a result of the acts and/or omissions of Killebrew, Plaintiff has sustained damage to and the loss of the use of its Facilities at or near Lake Wales CR 653, Winter Haven, FL which have resulted in actual damages to Plaintiff including the direct and indirect costs to repair those Facilities.

23. The actions of Killebrew were intentional, grossly negligent and/or reckless, and exhibited a willful and wanton disregard of Plaintiff's rights and a conscious indifference to the consequences.

### THIRD CLAIM FOR RELIEF
(Trespass – CR 653/Lake Wales Rd, Winter Haven, FL)

24. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1-23 above.

25. In accordance with its rights under the law and the Easement, Plaintiff installed and operates Facilities at or near CR 653/Lake Wales Rd, in or near Winter Haven, Polk County, Florida.

26. Upon information and belief, Killebrew was aware of the presence and approximate location of Plaintiff's Facilities at or near CR 653/Lake Wales Rd, in or near Winter Haven, Polk County, Florida. prior to May 3, 2022.

27. On or about May 3, 2022, Killebrew was, without Plaintiff's knowledge or consent, against Plaintiff's will and in violation of Florida law, federal OSHA regulations and reasonable and accepted industry standards and practices, excavating with mechanized equipment at or near CR 653/Lake Wales Rd, in or near Winter Haven, Polk County, Florida, where Plaintiff's Facilities were located.

28. On or about May 3, 2022, without Plaintiff's knowledge or consent, and against Plaintiff's will, Killebrew, damaged Plaintiff's Facilities located at or near CR 653/Lake Wales Rd, in or near Winter Haven, Polk County, Florida while excavating with mechanized equipment as described in Paragraph 27 above.

29. As a result of the trespass of Killebrew, Plaintiff sustained disturbance to its rights of use or servitude, and damage to and the loss of the use of its Facilities at or near CR 653/Lake

Wales Rd, in or near Winter Haven, Polk County, Florida which have resulted in actual damages to Plaintiff including the direct and indirect costs to repair those Facilities.

30.     The actions of Killebrew were intentional, grossly negligent and/or reckless, and exhibited a willful and wanton disregard of Plaintiff's rights and a conscious indifference to the consequences.

**FOURTH CLAIM FOR RELIEF**
(**Negligence - CR 653/Lake Wales Rd, Winter Haven, FL**)

31.     Plaintiff Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1-30 above as if fully set forth at length herein.

32.     Upon information and belief, Killebrew acted negligently in excavating with mechanized equipment as described in Paragraph 27. This negligent conduct included, but is not limited to the following:

a.     Failing to excavate in a careful and prudent manner based on accepted engineering and construction practices as required by §§ 556.101, Fla. Stat. (2017), *et seq.*;

b.     Failing to take adequate measures to ensure the Facilities would not be damaged during the work described in Paragraph 27 above;

c.     Failing to plan its work to minimize damage to, or interference with, the Facilities during the work described in Paragraph 27 above;

d.     Failing to determine the exact location of Plaintiff's Facilities prior to commencing the work described in Paragraph 27 above;

e.     Failing to protect and preserve the markings indicating the presence and approximate location of Plaintiff's Facilities during the work described in Paragraph 27 above;

f.     Failing to train employees involved with the excavation with respect to the applicable statutes, regulations and industry standards regarding excavation in the area of underground utilities, including, but not limited to, the provisions of §§ 556.105, Fla. Stat. (2017), *et seq.*;

    g.    Failing to adequately supervise employees and ensure they complied with all applicable statutes, regulations and industry standards regarding excavation in the area of underground utilities, including, but not limited to, the provisions of §§ 556.105, Fla. Stat. (2017), *et seq.*; and

    h.    Failing to adhere to all applicable federal and state statutes and regulations and all applicable industry standards and guidelines as they relate to the protection of underground utilities.

33. As a result of the acts and/or omissions of Killebrew, Plaintiff has sustained damage to and the loss of the use of its Facilities at or near CR 653/Lake Wales Rd, in or near Winter Haven, Polk County, Florida which have resulted in actual damages to Plaintiff including the direct and indirect costs to repair those Facilities.

34. The actions of Killebrew were intentional, grossly negligent and/or reckless, and exhibited a willful and wanton disregard of Plaintiff's rights and a conscious indifference to the consequences.

<u>**FIFTH CLAIM FOR RELIEF**</u>
**(Trespass – Willow Oak Partial (3390 Willow Oak Road), Mulberry, FL)**

35. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1-34 above.

36. In accordance with its rights under the law and the Easement, Plaintiff installed and operates a telecommunications cable at or near Willow Oak Partial (3390 Willow Oak Road), in or near Mulberry, Polk County, Florida.

37. Upon information and belief, Killebrew was aware of the presence and approximate location of Plaintiff's Facilities at or near Willow Oak Partial (3390 Willow Oak Road), in or near Mulberry, Polk County, Florida prior to August 16, 2022.

38. On or about August 16, 2022, Killebrew was, without Plaintiff's knowledge or consent, against Plaintiff's will and in violation of Florida law, federal OSHA regulations and reasonable and accepted industry standards and practices, excavating with mechanized equipment

at or near Willow Oak Partial (3390 Willow Oak Road), in or near Mulberry, Polk County, Florida where Plaintiff's Facilities were located.

39.     On or about August 16, 2022, without Plaintiff's knowledge or consent, and against Plaintiff's will, Killebrew, damaged Plaintiff's Facilities at or near Willow Oak Partial (3390 Willow Oak Road), in or near Mulberry, Polk County, Florida while excavating with mechanized equipment as described in Paragraph 38 above.

40.     As a result of the trespass of Killebrew, Plaintiff sustained disturbance to its rights of use or servitude, and damage to and the loss of the use of its Facilities at or near Willow Oak Partial (3390 Willow Oak Road), in or near Mulberry, Polk County, Florida which have resulted in actual damages to Plaintiff including the direct and indirect costs to repair those Facilities.

41.     The actions of Killebrew were intentional, grossly negligent and/or reckless, and exhibited a willful and wanton disregard of Plaintiff's rights and a conscious indifference to the consequences.

**SIXTH CLAIM FOR RELIEF**
(**Negligence - Willow Oak Partial (3390 Willow Oak Road), Mulberry, FL**)

42.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1-41 above as if fully set forth at length herein.

43.     Upon information and belief, Killebrew acted negligently in excavating with mechanized equipment as described in Paragraph 38 above. This negligent conduct included, but is not limited to the following:

    a.     Failing to excavate in a careful and prudent manner based on accepted engineering and construction practices as required by §§ 556.101, Fla. Stat. (2017), *et seq.*;

    b.     Failing to take adequate measures to ensure the Facilities would not be damaged during the work described in Paragraph 38 above;

    c.     Failing to plan its work to minimize damage to, or interference with, the Facilities during the work described in Paragraph 38 above;

9

    d.    Failing to determine the exact location of Plaintiff's Facilities prior to commencing the work described in Paragraph 38 above;

    e.    Failing to protect and preserve the markings indicating the presence and approximate location of Plaintiff's Facilities during the work described in Paragraph 38 above;

    f.    Failing to train employees involved with the excavation with respect to the applicable statutes, regulations and industry standards regarding excavation in the area of underground utilities, including, but not limited to, the provisions of §§ 556.105, Fla. Stat. (2017), *et seq.*;

    g.    Failing to adequately supervise employees and ensure they complied with all applicable statutes, regulations and industry standards regarding excavation in the area of underground utilities, including, but not limited to, the provisions of §§ 556.105, Fla. Stat. (2017), *et seq.*; and

    h.    Failing to adhere to all applicable federal and state statutes and regulations and all applicable industry standards and guidelines as they relate to the protection of underground utilities.

44.    As a result of the trespass of Killebrew, Plaintiff sustained disturbance to its rights of use or servitude, and damage to and the loss of the use of its Facilities at or near Willow Oak Partial (3390 Willow Oak Road), in or near Mulberry, Polk County, Florida which have resulted in actual damages to Plaintiff including the direct and indirect costs to repair those Facilities.

45.    The actions of Killebrew were intentional, grossly negligent and/or reckless, and exhibited a willful and wanton disregard of Plaintiff's rights and a conscious indifference to the consequences.

### SEVENTH CLAIM FOR RELIEF
(Trespass – Intersection of 653 & Old Lake, Bartow, FL)

46.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1-45 above.

47.    In accordance with its rights under the law and the Easement, Plaintiff installed and operates Facilities at or near the Intersection of 653 & Old Lake, in or near Bartow, Polk County, Florida.

48. Upon information and belief, Killebrew was aware of the presence and approximate location of Plaintiff's Facilities at or near Intersection of 653 & Old Lake, in or near Bartow, Polk County, Florida prior to October 4, 2022.

49. On or about October 4, 2022, Killebrew, was, without Plaintiff's knowledge or consent, against Plaintiff's will and in violation of Florida law, federal OSHA regulations and reasonable and accepted industry standards and practices, excavating with mechanized equipment at or near Intersection of 653 & Old Lake, in or near Bartow, Polk County, Florida, where Plaintiff's Facilities were located.

50. On or about October 4, 2022, without Plaintiff's knowledge or consent, and against Plaintiff's will, Killebrew damaged Plaintiff's Facilities at or near Intersection of 653 & Old Lake, in or near Bartow, Polk County, Florida, while excavating with mechanized equipment as described in Paragraph 49 above.

51. As a result of the trespass of Killebrew, Plaintiff sustained disturbance to its rights of use or servitude, and damage to and the loss of the use of its Facilities at or near the Intersection of 653 & Old Lake, in or near Bartow, Polk County, Florida which have resulted in actual damages to Plaintiff including the direct and indirect costs to repair those Facilities.

52. The actions of Killebrew were intentional, grossly negligent and/or reckless, and exhibited a willful and wanton disregard of Plaintiff's rights and a conscious indifference to the consequences.

**EIGHTH CLAIM FOR RELIEF**
(**Negligence - Intersection of 653 & Old Lake, Bartow, FL**)

53. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1-52 above as if fully set forth at length herein.

54. Upon information and belief, Killebrew acted negligently in excavating with mechanized equipment as described in Paragraph 49 above. This negligent conduct included, but is not limited to the following:

    a. Failing to excavate in a careful and prudent manner based on accepted engineering and construction practices as required by §§ 556.101, Fla. Stat. (2017), *et seq.*;

    b. Failing to take adequate measures to ensure the Facilities would not be damaged during the work described in Paragraph 49 above;

    c. Failing to plan its work to minimize damage to, or interference with, the Facilities during the work described in Paragraph 49 above;

    d. Failing to determine the exact location of Plaintiff's Facilities prior to commencing the work described in Paragraph 49 above;

    e. Failing to protect and preserve the markings indicating the presence and approximate location of Plaintiff's Facilities during the work described in Paragraph 49 above;

    f. Failing to train employees involved with the excavation with respect to the applicable statutes, regulations and industry standards regarding excavation in the area of underground utilities, including, but not limited to, the provisions of §§ 556.105, Fla. Stat. (2017), *et seq.*;

    g. Failing to adequately supervise employees and ensure they complied with all applicable statutes, regulations and industry standards regarding excavation in the area of underground utilities, including, but not limited to, the provisions of §§ 556.105, Fla. Stat. (2017), *et seq.*; and

    h. Failing to adhere to all applicable federal and state statutes and regulations and all applicable industry standards and guidelines as they relate to the protection of underground utilities.

55. As a result of the trespass of Killebrew, Plaintiff sustained disturbance to its rights of use or servitude, and damage to and the loss of the use of its Facilities at or near the Intersection of 653 & Old Lake, in or near Bartow, Polk County, Florida which have resulted in actual damages to Plaintiff including the direct and indirect costs to repair those Facilities.

56. The actions of Killebrew were intentional, grossly negligent and/or reckless, and exhibited a willful and wanton disregard of Plaintiff's rights and a conscious indifference to the consequences.

**WHEREFORE**, Plaintiff prays this Court grant judgment in its favor against Killebrew, on each of Plaintiff's Claims for Relief set forth herein, award Plaintiff actual damages in an amount to be determined at trial in excess of $75,000.00 exclusive of interest and costs; punitive damages in an amount sufficient to punish Killebrew, for their actions; interest thereon as allowed by law; all costs of this action; and such other and further relief as this Court may deem just and proper.

DATED this 2nd day of February 2026.

GOEDE, DEBOEST & CROSS, PLLC
2030 McGregor Boulevard
Fort Myers, FL  33901
Telephone:  (239) 333-3913

*/s/: John J. Trebilcock*
John J. Trebilcock, Esq.
Florida Bar No. 1023769
Email:  JTrebilcock@gadclaw.com
Email:  ARusso@gadclaw.com

**ATTORNEY FOR PLAINTIFF
COGENT COMMUNICATIONS, LLC**